BAQUERO·ET AL., RECURRENTES, *v.* EL REGISTRADOR DE SAN JUAN, SECCIÓN PRIMERA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, sobre denegación de cancelación de hipoteca.

No. 208.—Resuelto en enero 21, 1915.

CANCELACIÓN DE HIPOTECA—PODER EXPRESO.—El apoderado necesita poder expreso para la cancelación de hipotecas.

MANDATOS—INTERPRETACIÓN DE LOS MANDATOS—REQUISITOS DE LA ESCRITURA.— Los mandatos deben interpretarse siempre restrictivamente y cuando la ley exige que para realizar un apoderado ciertos actos necesita poder expreso de su mandante, es necesario que se consigne en la escritura la clase de actos para los que expresamente se le apodera.

ID.—FACULTADES CONFERIDAS CON REFERENCIA A DETERMINADO PRECEPTO LEGAL.— Las facultades de los mandatarios deben resultar de la escritura de mandato sin necesidad de acudir para conocerlas a ningún otro documento o texto legal, por lo que la cláusula de que se confieren las mencionadas en el artículo 1615 del Código Civil, no es suficiente.

Id.—Poder Expreso—Actos de Riguroso Dominio—Requisitos de la Escritura.—Cuando el legislador ha exigido que se dé poder expreso para transigir, enajenar, hipotecar o ejecutar cualquier acto de riguroso dominio, las mismas palabras deberán usarse en el documento.

Los hechos están expresados en la opinión.

Abogado de los recurrentes: *Sr. Antonio Sarmiento.*

El Registrador Sr. José S. Belaval no compareció.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

Antonio Sarmiento y Porras, como apoderado de Amalia Vahamonde, viuda de Pérez, recibió por escritura pública de los esposos Aurora Baquero y Antonio González cierta cantidad de dinero que debían a su mandante, les otorgó carta de pago y de cancelación total de la hipoteca que garantizaba la deuda y consintió en que su inscripción fuera cancelada en los libros del registro de la propiedad.

Presentado ese documento con la escritura que contiene el mandato en la oficina del Registrador de San Juan, Sección 1ª., dicho funcionario se negó a cancelar la hipoteca por el fundamento de que el apoderado "carece de las facultades expresas que requiere el artículo 1615 del Código Civil para el cobro del crédito y su cancelación." Contra esa negativa interpusieron los esposos Baquero y González en tiempo oportuno recurso gubernativo con solicitud de que la revoquemos.

Los poderes conferidos al apoderado Sr. Sarmiento pertinentes a la cuestión que se ventila ahora se hallan contenidos en los párrafos siguientes:

"*Primero*. Que da 'poder' tan cumplido y bastante como en derecho quepa a Don Antonio Sarmiento y Porras, abogado y vecino de San Juan de esta Isla de 'Puerto Rico,' para que obre en lugar y nombre de la 'otorgante' en todos y cada uno de aquellos actos de la vida civil en que una persona puede ser sustituída por otra, de tal suerte, que todo lo que en su nombre haga y otorgue el Señor Sarmiento se considerará como hecho y 'otorgado' por la exponente en cualquiera de los caracteres con que aquí comparece.

"*Segunda*. Que asimismo da al dicho Don Antonio Sarmiento y

Porras poder expreso para que en su nombre o como madre legítima representante de sus citados hijos Adrián e Isabel Pérez Vahamonde, para todos aquellos actos que exije poder de esta clase el artículo mil seiscientos quince del Código Civil Revisado de Puerto Rico.''

Vemos, por tanto, que no solamente se le autorizó para ejecutar todos aquellos actos de la vida civil en que una persona puede ser sustituída por otra sino que también se le confirió poder expreso para los actos en que el artículo 1615 del Código Civil exige tal clase de poder; y como el registrador niega que carece de las facultades expresas que dicho artículo exige, la cuestión a resolver es si para cancelar una hipoteca se necesita un poder expreso y si tal como están redactadas las cláusulas que hemos transcrito del mandato se concedió o nó tal facultad expresamente.

El precepto del Código Civil que está en controversia dice así:

''Artículo 1615.—El mandato concebido en términos generales, no comprende más que los actos de administración.

''Para transigir, enajenar, hipotecar o ejecutar cualquier otro acto de riguroso dominio, se necesita mandato expreso.

''La facultad de transigir no autoriza para comprometer en árbitros o amigables componedores.''

Según esta disposición legal el apoderado necesita poder expreso, entre otras cosas, para ejecutar cualquier acto de riguroso dominio, cuyo carácter reviste la cancelación de una hipoteca porque, como dijimos en los casos de *Benítez Hermanos* v. *El Registrador de la Propiedad*, 17 D. P. R., 237, y en el de *García* v. *Garzot*, 18 D. P. R., 876: ''La cancelación de un crédito hipotecario entraña un verdadero acto de enajenación, pues por aquella se desapodera el acreedor de un derecho real que le pertenece y por tanto no puede otorgarse sin mandato expreso.'' En igual principio se fundan las resoluciones de la Dirección General de los Registros de España de 8 de noviembre de 1878, 19 de julio de 1879, 24 de septiembre de 1891 y 18 de junio de 1893.

Sentado lo que precede, veamos ahora si el apoderado expresamente está facultado para realizar actos de riguroso dominio, entre los que se comprende el de cancelar hipotecas.

Es tan conocida la regla de derecho de que los mandatos deben interpretarse siempre restrictivamente que hace innecesario que citemos nuestras resoluciones. Como consecuencia de ella, cuando la ley exige en el artículo que comentamos que para realizar un apoderado ciertos actos necesita poder expreso de su mandante es necesario que se consigne en la escritura la clase de actos para los que expresamente se le apodera y no basta que se conceda el poder refiriéndose a los casos contenidos en determinado precepto legal. El mandato debe estar concebido en tales términos que de él aparezcan las facultades que se confieren al apoderado, sin necesidad de acudir para conocerlas a algún otro documento o texto legal. Como dijimos en el caso de *Sucesores de Audreu & Co.* v. *El Registrador de la Propiedad,* 20 D. P. R., 423, "* * * Las palabras de un poder deberán ser interpretadas en el sentido en que podrían ser entendidas por una persona de inteligencia corriente que lo otorgara * * *." Cuando el legislador ha exigido que se dé poder expreso para transigir, enajenar, hipotecar o ejecutar cualquier acto de riguroso dominio, las mismas palabras deberán expresarse en el documento, que es la doctrina establecida en el caso de Sucesores de Andrea & Co. (*supra*) y citada en el de *Méndez* v. *Celis,* 20 D. P. R., 531.

El registrador procedió correctamente al negar la cancelación de la hipoteca y su calificación debe ser confirmada.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.