LOUBRIEL, RECURRENTE, *v.* EL REGISTRADOR DE SAN JUAN,
SECCIÓN PRIMERA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 1ª., denegando cancelar una hipoteca.

No. 385.—Resuelto en noviembre 12, 1918.

CANCELACIÓN DE HIPOTECA—ENAJENACIÓN—MANDATO.—Si bien el artículo 1615 del Código Civil exige que para transigir, enajenar, hipotecar o ejecutar cualquier otro acto de riguroso dominio, se necesita mandato expreso, en el presente caso la esposa otorgó poder al esposo para enajenar bienes inmuebles de la sociedad de gananciales prestando para ello su consentimiento y la cancelación de una hipoteca es un acto de enajenación.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Francisco Soto Gras.*

El registrador recurrido, Sr. Rafael Tirado Verrier, no compareció.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Por escritura pública No. 6 otorgada en 17 de mayo de 1918 ante el notario don Francisco Soto Gras, Gonzalo Torres Sirera por sí y como apoderado de su legítima esposa Encarnación Ortega Saborit, otorgó carta de pago y cancelación de una hipoteca constituída a favor de los esposos expresados por Rafael Loubriel Cueto sobre un solar adquirido durante su matrimonio con Sofía Trápaga y Pérez.

Presentada la escritura al Registrador de la Propiedad de San Juan, Sección 1ª., fué denegada la cancelación de la hipoteca en nota de 31 de julio de 1918 por el fundamento de que habiendo sido constituída a favor de Gonzálo Torres

Sirera, casado con Encarnación Ortega Saborit, no resultaba que la esposa autorizara expresamente al esposo para cancelar los créditos hipotecarios pertenecientes a la sociedad de gananciales, cuyo carácter tiene el que se trata de cancelar.

Dicha nota ha sido recurrida por Rafael Loubriel Cueto para ante esta Corte Suprema.

Hemos examinado el poder otorgado por Encarnación Ortega Saborit a favor de su esposo Gonzalo Torres Sirera y ese poder contiene la siguiente cláusula:

"Asimismo da autorización tan amplia y eficaz como en derecho se requiera a su referido esposo para que a nombre de ambos y teniendo desde ahora por prestado el consentimiento de la que dice, pueda en cualquier tiempo vender, enajenar, gravar e hipotecar y de cualquier otro modo obligar a título oneroso los bienes inmuebles de la sociedad de gananciales.   *   *   *"

Como se ve, no existe el motivo legal que invoca el registrador para denegar la cancelación de hipoteca, pues aunque el artículo 1615 del Código Civil dispone que para transigir, enajenar, hipotecar o ejecutar cualquier otro acto de riguroso dominio, se necesita mandato expreso, en el presente caso la esposa otorgó poder al esposo para enajenar bienes inmuebles de la sociedad de gananciales prestando para ello su consentimiento, y la cancelación de una hipoteca es un acto de enajenación. *Baquero* v. *El Registrador*, 22 D. P. R. 24, y *Gómez Ruiz* v. *El Registrador*, decidido en 30 de marzo de 1918, (pág. 253).

Es de revocarse la nota recurrida ordenándose al registrador que verifique la cancelación solicitada.

> *Revocada la nota recurrida y ordenada la cancelación solicitada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.