Nichols, Recurrente, *v.* El Registrador de San Juan, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegando la inscripción de una cancelación de hipoteca.

No. 538.—Resuelto en diciembre 19, 1922.

Cancelación de Hipoteca—Obligaciones Hipotecarias Transferibles por Endoso—Consentimiento de la Esposa.—Para cancelar una hipoteca garantizando un pagaré que ha sido endosado posteriormente no es necesaria la inscripción previa de la transferencia de la obligación, y el registrador no está en la necesidad de investigar sobre la naturaleza de la transferencia, siempre que la deuda haya sido debidamente satisfecha. Siendo casado el acreedor puede, sin el consentimiento de su esposa, y como representante de la sociedad conyugal, endosar el pagaré, y ese endoso constituye un traspaso absoluto del derecho hipotecario, quedando el deudor obligado sólo para con el tenedor, y satisfecha a éste la deuda tiene el deudor derecho a la cancelación.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. S. Suau.*

El registrador recurrido compareció por escrito.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Norval P. Nichols, dueño de una finca sobre la cual se inscribió una hipoteca, trata de cancelar dicha hipoteca. El deudor y su esposa otorgaron originalmente tres pagarés garan-

tizados con dicha hipoteca.  Los pagarés se libraron a favor
de E. L. Mudge, quien los endosó al American Colonial Bank
en posesión del cual fueron satisfechos.  La objeción que se
hace a la cancelación es que siendo casado E. L. Mudge no
consta el consentimiento de la Sra. Mudge para el endoso.
El registrador invoca el artículo 159, 1328 y otros del Código
Civil.

El artículo 153 de la Ley Hipotecaria prescribe lo si-
guiente:

"Art. 153.—En la hipoteca constituída para garantir obligaciones
transferibles por endoso o títulos al portador, cuando se enajene o
ceda el derecho hipotecario, se entenderá éste transferido con la obli-
gación o con el título sin necesidad de dar de ello conocimiento al
deudor ni de hacerse constar la transferencia en el Registro."

Este artículo hace claramente innecesaria la inscripción
de la transferencia de la obligación garantizada.  Siendo
esto así parece inferirse que el registrador no está en la nece-
sidad de investigar sobre la naturaleza de la transferencia
con tal que la deuda haya sido debidamente cancelada.  E. L.
Mudge como representante de la sociedad conyugal tenía un
perfecto derecho para traspasar o endosar los pagarés al
American Colonial Bank.  Este último adquirió un título
completo a dichos pagarés.  El deudor estaba obligado a
pagar los pagarés al dueño y tenedor de los mismos y a nadie
más.  Satisfecha la deuda tenía el deudor derecho a la can-
celación.  Sostener otra cosa es anular no solo el espíritu
sino, creemos, la letra del artículo 153 de la Ley Hipotecaria,
*supra*.  Su propósito evidente fué favorecer la libre tras-
misión de pagarés y otras obligaciones semejantes aun es-
tando garantizados por hipoteca.  Véase a Morell, Comenta-
rios a la Ley Hipotecaria, tomo IV, página 251.  La Sra.
Mudge está enteramente impedida para quejarse de los actos
de su esposo y cualquier supuesto derecho en ella es suma-
mente académico en vista del derecho del deudor.

Debe revocarse la nota del registrador y verificarse la cancelación.

> *Revocada la nota recurrida y ordenado se verifique la cancelación interesada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.