South Porto Rico Sugar Co. of Porto Rico, recurrente, *v.* El Registrador de la Propiedad de Mayagüez, recurrido.

No. 916.—*Sometido:* Marzo 1, 1934. *Resuelto:* Marzo 8, 1934.

*Miguel A. García Méndez,* abogado de la recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Un registrador de la propiedad se negó a inscribir un convenio descrito por las partes como contrato privado de compraventa de cañas. La razón que adujo fué que la escritura de poder presentádale por el agente y apoderado del vendedor no autorizaba expresamente el otorgamiento de un contrato de refacción agrícola. La facultad de tomar dinero a préstamo y obligar al principal con el pago del mismo fué conferida de manera tan amplia y expresa por la escritura de poder que no deja lugar a dudas sobre este extremo Mencionamos este aspecto del caso solamente para explicar que es innecesario discutirlo aquí y, por ende, que puede descartarse desde su iniciación. El artículo 1604 del Código Civil (Edición de 1930) dispone que:

"Artículo 1604.—El mandato concebido en términos generales, no comprende más que los actos de administración.

"Para transigir, enajenar, hipotecar o ejecutar cualquier otro acto de riguroso dominio, se necesita mandato expreso.

"La facultad de transigir no autoriza para comprometer en árbitros o amigables componedores."

La autorización conferida al agente y apoderado comprendía la facultad de vender las cañas en cuestión, ora se les considere como bienes muebles o inmuebles. Debe admitirse, sin embargo, que el contrato descrito como contrato privado de compraventa de cañas era en realidad mucho más que eso. Era también un contrato de molienda de caña. Tuvo por mira y sentó la base para el otorgamiento de un contrato de refacción agrícola. Este supuesto contrato de refacción debía otorgarse como parte del convenio original. Las cañas en cuestión eran las que estaban en estado de crecimiento en la finca a la fecha de celebrarse el contrato, o sea, en diciembre 27, 1933, así como las que habrían de cultivarse en ella hasta fines de la zafra de 1935. De conformidad con los términos expresos del contrato la compradora adquiría un interés en las cañas a partir de la fecha del convenio, con todos los derechos y privilegios conferidos por la ley que rige la materia. El contrato también contenía la siguiente cláusula:

"Las partes convienen en que la Central se reserve el derecho de prorrogar este contrato si el colono con la entrega de sus cañas, no cubriese su cuenta por anticipos e intereses, en cuyo caso los retoños y toda otra plantación quedan afectos al pago de la deuda por todo el término que fuere necesario hasta dejar saldado dicho déficit. El colono conviene por la presente en prorrogarlo, declarando que se ha tenido en cuenta esta opción al establecer los términos y condiciones de este contrato."

La escritura de poder no termina con el establecimiento de una agencia general. Otorga al agente y apoderado autorización expresa para vender tanto los bienes muebles como los inmuebles ya pertenecientes a su principal o que éste adquiera en el futuro. Le da facultad expresa para hipotecar

302

cualesquiera bienes inmuebles o derechos reales de su mandante. El gravamen refaccionario constituído para garantizar el cumplimiento de un contrato de refacción agrícola es una especie de hipoteca. Resolver lo contrario o resolver que caña de azúcar o cosechas en estado de crecimiento o que pudieran cultivarse en la finca, o contratos de refacción agrícola, deben especificarse *eo nomini* en una escritura de poder, a fin de otorgar al agente o apoderado autorización para hipotecar tales cañas o cosechas, sería llevar la regla de estricta hermenéutica más allá de los límites exigidos por el artículo 1604, supra, interpretado razonablemente. Ni el caso de *Baquero* v. *El Registrador de la Propiedad de San Juan,* 22 D.P.R. 24, ni los casos allí citados ni ninguno de los casos en que se basa el registrador, han ido tan lejos como desea él que vayamos en el presente recurso.

*Debe revocarse la nota recurrida.*