ISIDRA DÁVILA RIVERA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

Núm. 1087.—*Sometido:* Junio 20, 1941. *Resuelto:* Julio 10, 1941.

*Luis Tirado Géigel,* abogado de la recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Por escritura de marzo 4 de 1941, don Emilio de Aldrey Montilla, tenedor de un pagaré hipotecario al portador, confesó haber recibido en esa misma fecha el total importe de la obligación y sus intereses devengados, otorgó a favor de sus deudores carta de pago, canceló totalmente la obligación y la hipoteca que la garantizaba y dió su consentimiento para que la misma fuera cancelada en el registro.

Presentada dicha escritura para su inscripción, el registrador la denegó por las razones expuestas en la siguiente nota:

"Denegado este documento por no haber consentido Sylvia Ferrer Besosa, esposa de Emilio de Aldrey, en esta cancelación, tomándose anotación por 120 días a los efectos legales."

Isidra Dávila Rivera, dueña de la finca hipotecada en garantía del pagaré, no conforme con la nota denegatoria ha interpuesto el presente recurso.

En defensa de su nota recurrida, alega el registrador:

Que en el presente caso se trata de la cancelación de un derecho real de hipoteca, representado por un pagaré, sin que haya consentido la esposa del acreedor; que aun cuando es indudable que la enmienda al artículo 153 de la Ley Hipotecaria, por la ley núm. 33 de marzo de 1912 (pág. 70), favorece la libre transmisión del crédito, y esta Corte Suprema ha resuelto en *Nichols* v. *Registrador,* 31 D.P.R. 298,

que siendo casado el acreedor, puede endosar el pagaré hipotecario, sin necesidad de notificar al deudor, ni hacerse constar la transferencia en el registro, ni necesitar el consentimiento de la esposa, la situación en el presente caso es distinta, pues aquí se trata de la extinción o cancelación en el registro del derecho real de hipoteca, mientras que en el caso de la mera transmisión, por endoso o mediante simple entrega, del pagaré hipotecario, el derecho real de hipoteca queda vigente en el Registro; que al tratar de la cancelación de hipotecas, la ley no establece distinción alguna, requiriéndose el consentimiento de la esposa del acreedor, ya esté o no la hipoteca representada por pagarés a la orden de persona determinada o al portador.

Sostiene la recurrente, que el registrador ha dejado de advertir que de acuerdo con la citada decisión en *Nichols v. Registrador,* y a tenor de lo dispuesto en el artículo 153 de la Ley Hipotecaria, el traspaso de una obligación transferible por endoso, o de un título al portador, cuyo cumplimiento esté garantizado con hipoteca, envuelve el traspaso de la hipoteca, que es un derecho real; que si el traspaso de la hipoteca, como consecuencia del endoso o entrega del pagaré, es una enajenación válida del derecho real de hipoteca, aun cuando la esposa del acreedor no haya dado su consentimiento, por lógica inferencia debe también considerarse válida la cancelación de la hipoteca que garantiza el pagaré a la orden o al portador, otorgada sin la intervención de la esposa del tenedor del documento, pues la cancelación de un derecho real de hipoteca es también un acto de enajenación, según lo ha resuelto esta Corte Suprema en *Baquero v. Registrador,* 22 D.P.R. 24; *Gómez* v. *Registrador,* 26 D.P.R. 253, y *Loubriel* v. *Registrador,* 26 D.P.R. 728; que si bien el artículo 91 del Código Civil prohibe la enajenación de bienes inmuebles pertenecientes a la sociedad conyugal, excepto mediante el consentimiento de ambos cónyuges, el artículo 268 del mismo código establece que han de tener el carácter de

bienes muebles las obligaciones y las acciones cuyo objeto sea cobrar dinero debido o muebles que lo sean por su naturaleza, aunque dichas obligaciones vayan acompañadas de una hipoteca; que de sostenerse la negativa del registrador, resultaría anómalo aceptar como válido en derecho el traspaso de una hipoteca mediante la mera entrega del título por ella garantizado, sin el consentimiento de la esposa del tenedor del título, y rechazar, como no válida, la extinción de la hipoteca que garantiza el título, cuando es hecha por persona casada, sin obtener la anuencia de la esposa; que la ley no exige nunca cosas vanas e inútiles, y que vano e inútil sería requerir el consentimiento de la esposa para la cancelación de una hipoteca otorgada en garantía de un título transmisible por endoso o por la mera entrega, pues ese requisito podría obviarse fácilmente entregando el título a una persona soltera para que ésta otorgue la escritura de cancelación o entregándolo al propio deudor para que éste solicite la cancelación de acuerdo con lo prescrito en el artículo 132 del Reglamento para la Ejecución de la Ley Hipotecaria, según fué enmendado por la ley núm. 33 de marzo 7 de 1912 (pág. 70).

La cuestión legal envuelta en el presente recurso es nueva en esta jurisdicción. Nos inclinamos a resolverla de acuerdo con la contención de la recurrente.

 El artículo 91 del Código Civil exige el consentimiento de ambos cónyuges para la enajenación de *bienes inmuebles* pertenecientes a la sociedad conyugal. ¿Es un pagaré a la orden de persona determinada o al portador, garantizado por hipoteca, en manos de una persona casada, un bien inmueble, presuntivamente perteneciente a la sociedad de gananciales? La contestación a esta pregunta la encontramos clara y terminante en el artículo 266 y en el 268 del Código Civil, ed. 1930, que en lo pertinente leen así:

"Artículo 266.—Los bienes muebles lo son, o por su propia naturaleza o por disposición de la ley.

"Artículo 268.—Las cosas muebles por disposición de la ley son las obligaciones y las acciones cuyo objeto sea cobrar dinero debido o muebles que lo sean por su naturaleza, aunque dichas obligaciones vayan acompañadas de una hipoteca."

Los artículos transcritos no tienen equivalentes en el Código Civil español y, por tanto, para interpretarlos, no podemos recurrir a los comentaristas de dicho cuerpo legal. La letra del estatuto es tan clara, que su interpretación no ofrece serias dificultades. Una obligación para el cobro de dinero, como lo es un pagaré transmisible por endoso o por la mera entrega del documento, es por disposición de la ley un bien mueble aun cuando esté garantizada con hipoteca sobre bienes inmuebles. Siendo el pagaré garantizado con hipoteca un bien mueble y como tal trasmisible por el endoso o por la entrega, hecho por un cónyuge sin la concurrencia del otro, por no oponerse a ello el artículo 91 del Código Civil y permitirlo expresamente el artículo 153 de la Ley Hipotecaria, no encontramos razón alguna para sostener que la cancelación de la obligación subsidiaria que garantiza el pagaré no pueda hacerse sin el consentimiento de ambos cónyuges.

Se dirá que la concurrencia de ambos en la cancelación es necesaria para la protección de los intereses de la esposa que no intervino en la transmisión del pagaré, por endoso o por la mera entrega. Pero, cabe preguntar, ¿qué protección da la ley a la esposa contra el endoso o entrega del pagaré, por el esposo, a una persona soltera, para que ésta cancele la hipoteca, sin necesidad del consentimiento de la esposa del endosante? ¿Cómo puede evitarse, para proteger a la esposa del tenedor del pagaré hipotecario, que éste reciba su importe y lo entregue al deudor, para que éste a su vez lo presente al registro, como readquirido por tradición o endoso, y solicite la cancelación de la hipoteca que lo garantiza, a tenor de lo dispuesto por el artículo 132 del Reglamento para la Ejecución de la Ley Hipotecaria, según fué enmendado por la Ley núm. 33 de marzo 7 de 1912? A nuestro juicio, los in-

°tereses de la esposa quedarán mejor protegidos si se permite al esposo otorgar por sí solo la escritura de cancelación, la cual será evidencia fehaciente de que fué él quien recibió el importe de la obligación, que si le obliga a recurrir a cualquiera de los otros medios indirectos que para llegar al mismo fin permiten las leyes vigentes.

*Por las razones expuestas debe revocarse la nota recurrida y ordenarse la inscripción solicitada por la recurrente.*