MÁRQUEZ ET AL., APELANTES, *v.* JORDI, APELADO.

Apelación procedente de la Corte de Distrito de Arecibo.

No. 908.—Resuelto en junio 16, 1913.

BIENES GANANCIALES—DONACIÓN.—A otorgó un documento confesando haber recibido de B la suma de 5,000 pesos con la obligación de entregarla de por mitad a las dos hijas de B, dos años después de la muerte de B y su esposa, pagando A mientras tuviera el dinero en su poder una renta anual. Se resolvió qué dicho documento no constituye un préstamo con respecto a las hijas, sino una donación hecha por B a favor de ellas para después de su muerte por medio de fideicomisario y de pura liberalidad, y que dicha cantidad eran bienes propios de sus hijas y no tenían el carácter de bienes gananciales, pudiendo cualquiera de ellas disponer libremente de su parte sin el consentimiento ni autorización del esposo.

BIENES PARAFERNALES—ENAJENACIÓN—LICENCIA MARITAL—DERECHOS ADQUIRIDOS.—La licencia marital exigida por las leyes anteriores al Código Civil revisado para que la esposa pudiera enajenar sus bienes parafernales, pudo

ser suprimida por dicho Código Civil revisado sin perjudicar derechos adquiridos por el esposo en virtud de las leyes vigentes al tiempo de contraer el matrimonio.

Sociedad de Gananciales—Derechos Adquiridos—Fundamentos Esenciales.—El fundamento principal en la sociedad de gananciales regulada por la ley, es el derecho que adquieren los cónyuges para que a la disolución del matrimonio se dividan de por mitad entre ambos los beneficios o ganancias que durante el matrimonio se hayan obtenido, y esto que constituye un derecho adquirido no puede ser modificado por la legislatura sin causar perjuicio a los cónyuges que bajo ese régimen celebraron su matrimonio.

Pruebas—Admisión Condicional de un Documento—Errores sin Importancia.—Aun cuando la mejor práctica es resolver la admisibilidad de la evidencia en el momento en que se presenta y se objeta, sin embargo cuando el caso es juzgado sin jurado, no constituye error fundamental el eliminar después la prueba que fué admitida condicionalmente, porque la corte está en mejores condiciones para sustraerse a la impresión producida por tal clase de prueba.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Luis Llorens Torres.*

Abogado del apelado: *Sr. Antonio Sarmiento.*

El Juez Asociado Sr. Aldrey emitió la opinión del tribunal.

Por escritura pública de 26 de noviembre de 1893, Nicanor Ferrer compró a Francisco Torres Rodríguez un solar en la plaza de Arecibo, por precio que el vendedor confesó recibido. En el propio documento se hizo constar, además, que con anterioridad a aquel acto el comprador había recibido de manos del vendedor, cinco mil pesos para entregar por partes iguales a las hijas de éste nombradas Avelina y Concepción, a los dos años de la muerte de sus padres Francisco de Torres Rodríguez y Josefa de Torres Ramos, cuyo capital devengaría intereses que serían pagados a los esposos mientras vivieran y luego a las hijas hasta el pago del capital, e hipotecó el expresado solar y cuanto en él edificara a favor de los expresados esposos, hasta la cantidad de mil pesos, por las rentas que a ellos se debieran y también a favor de las dos mencionadas hijas por el capital y las rentas a ellas correspondientes.

Más tarde, la hija Concepción cedió la parte a ella correspondiente en ese crédito hipotecario al demandado Antonio

Jordi Pericás, por escrituras de 8 de septiembre de 1906 y
26 de enero de 1907, cuya, nulidad solicitan ahora sus hijos,
como únicos herederos de su padre Miguel Márquez, por el
fundamento de que Doña Concepción otorgó los documentos
de cesión sin el consentimiento del esposo, siendo así que se
trataba de bienes gananciales y que aunque no lo fueran,
sino propios de ella, necesitaba la licencia de su marido, toda
vez que celebrado su matrimonio antes de promulgarse el
Código Civil Revisado, no es a ellos aplicable el precepto de
éste que permite que la mujer disponga de sus bienes propios
sin la licencia de su consorte.

En apoyo de que el crédito cedido era un bien ganancial,
alegan los apelantes que del documento en que se constituyó
el crédito hipotecario aparece, que la adquisición fué hecha
por Concepción Torres, siendo casada, en pago de un dinero
que había prestado a su padre. El particular a que se hace
referencia del documento dice así:

"El Sr. Ferrer confiesa haber recibido del Sr. Torres Rodríguez
la suma de cinco mil pesos moneda corriente, para entregarla, cual así
se obliga a verificarlo, a los dos años de la muerte de aquél si ya hubiere fallecido su consorte Doña Josefa de Torres y Ramos o de la
muerte de ésta, en contrario caso a sus comunes hijas Doña Avelina y
Doña Concepción Torres y Torres, de por mitad, a quienes para entonces les deben ellos esa cantidad así repartida y en tanto vivan los
dichos padres o cualquiera de éstos, habrá de pagarles el Sr. Ferrer
a los dos o al sobreviviente, según los casos, la renta anual."

Las anteriores palabras no demuestran préstamo alguno
de Doña Concepción a sus padres, pero aunque lo demostraran, como sostienen los apelantes, no conociéndose la fecha
de la entrega por la hija, faltaría base para sostener que el
dinero fué prestado durante su matrimonio y no antes. El
concepto legal de esas palabras no es otro que el de una donación hecha por los padres para después de su muerte, a favor
de esas dos hijas por fideicomisario y como tal de pura liberalidad, por lo que el mismo título de adquisición lucrativa

destruye la presunción de que sea ganancial, por haber sido adquirido durante el matrimonio, y de acuerdo con el artículo 1396 del Código Civil español y el 1314 del vigente, es un bien propio de la esposa.

Ahora bien, cuando en 1906 y 1907 Doña Concepción de Torres cedió ese crédito al demandado, ya estaba en vigor el Código Civil Revisado, por cuyo artículo 160, cada uno de los cónyuges tiene la libre disposición y administración de sus bienes propios y pudo por tanto disponer libremente de él sin consentimiento ni autorización del esposo, requerido por ese código solamente cuando de bienes gananciales se trata.

La cuestión propuesta por los apelantes de que aun tratándose de bienes parafernales o propios de la esposa era necesario el consentimiento del marido para la cesión que verificó su madre, carece de fundamento. Es cierto que antes de regir el Código Civil Revisado la mujer necesitaba la licencia marital para enajenar o gravar sus bienes parafernales, cuyo requisito ha suprimido el artículo 160 del código ahora vigente, pero tal supresión no perjudica ningún derecho adquirido por el esposo por el hecho de que su matrimonio se celebrara bajo un régimen legal de gananciales que exigía su licencia. Lo fundamental en la sociedad de gananciales regulada por la ley, es el derecho que adquieren los cónyuges, de que a la disolución del matrimonio se dividan de por mitad entre ambos los beneficios o ganancias que durante el matrimonio se hayan obtenido, derecho que no puede ser modificado sin causar perjuicio a los cónyuges que bajo ese régimen celebraron su matrimonio; mas la licencia marital exigida por las leyes anteriores al Código Civil Revisado, para disponer la esposa de los bienes parafernales o propios, pudo ser suprimida por el código vigente sin perjudicar derechos adquiridos por el esposo, porque tal requisito no era fundamental de la sociedad de gananciales, ya que en nada afectaba al derecho de hacer cada cónyuge suya la mitad de las ganancias y no tenía otro motivo que los respetos

sociales de subordinación al jefe de la familia. Por consiguiente, pudo Concepción Torres otorgar válidamente esas escrituras de cesión de un bien propio suyo sin licencia de su marido, después de publicado el Código Civil Revisado, sin infringir la regla primera transitoria del código. Más trascendental que esa licencia era para el marido la facultad que tenía de disponer de los bienes de la sociedad conyugal por sí solo, sin consentimiento de la esposa, el que luego se ha hecho necesario por el código que está en vigor y, sin embargo, en el caso de *Amadeo* v. *El Registrador,* 3 D. P. R., 262, se resolvió que tal consentimiento es necesario para los actos celebrados con posterioridad al código, aunque el matrimonio se hubiera verificado bajo el régimen anterior que no lo exigía.

Otro punto también tratan los apelantes alegando error en la corte al admitir cierta prueba impertinente contra la objeción que hicieron en el juicio. El demandado presentó una certificación conteniendo una carta, cuyo documento fué admitido por la corte inferior condicionalmente, pero luego al resolver el caso dejó de tomarla en consideración, por no estar justificada la autenticidad y admisibilidad de dicha prueba. Hemos dicho recientemente en el caso de *Rivera* v. *Díaz,* (pág. 548), que aun cuando la mejor práctica es resolver en el mismo juicio sobre la admisibilidad de la evidencia, sin embargo, cuando el caso es juzgado sin jurado, no constituye error fundamental el eliminar después la prueba impertinente, porque la corte está en mejores condiciones para sustraerse a la impresión producida por tal clase de prueba.

La sentencia apelada debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y del Toro.

El Juez Asociado Sr. MacLeary no tomó parte en la resolución de este caso.