GEORGINA ESCOBAR, demandante y apelada, *v.* LUIS RIVERA, demandado y apelante.

Número 10961.

*Sometido:* 2 de noviembre de 1953. *Resuelto:* 30 de junio de 1955.

*Luis R. Apellániz,* abogado del apelante; *Benigno Pacheco Tizol,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del Tribunal.

En este pleito la demandante reclama el carácter ganancial—por haber sido adquiridas durante su matrimonio con el demandado—de dos fincas que en su demanda identifica con las "A" y "B".

Los hechos no están en controversia:

El 17 de enero de 1930, siendo soltero, el demandado adquirió, por compra a la Sucn. de Amalio Artemio Lanzó, conocido por Amalio Cepeda, los derechos y acciones que dicha Sucesión tenía, o podía tener, en tres fincas que se describen en la escritura otorgada a tal efecto. Dos de dichas fincas son las "A" y "B" objeto de este pleito.

El 24 de febrero de 1930 el demandado inició acción reivindicatoria contra Marcial Suárez y Suárez, reclamando la finca que en el presente pleito se identifica con la letra "A". En contestación a la demanda, Marcial Suárez y Suárez opuso su alegación de haber adquirido dicha finca a título de dueño por compra al causante de la sucesión Lanzó, Amalio Artemio

Lanzó, según escritura otorgada el 22 de agosto de 1911 ante el notario José E. Benedicto, estando inscrito su título de dominio en el Registro de la Propiedad.

El 29 de julio de 1933 el demandado contrajo matrimonio con la demandante.

El 24 de agosto de 1935, constante dicho matrimonio, y sin haberse celebrado juicio en la acción reivindicatoria, el aquí demandado otorgó, con el consentimiento de su esposa, una escritura titulada "Transacción, Compraventa e Hipoteca" mediante la cual se obligó con Marcial Suárez y Suárez —el otro otorgante de dicho documento—a desistir de la acción reivindicatoria de referencia, y éste a su vez se obligó a vender al aquí demandado la finca "A" reclamada en dicha acción, así como otra finca—no objeto de dicho litigio—que en la aludida escritura—al igual que en el presente pleito—se identifica con la letra "B". Por virtud de dicha transacción, la finca "A" sería vendida al aquí demandado—como así se vendió por la propia escritura—por el precio de mil doscientos cincuenta dólares, precio que se obligó a pagar el aquí demandado en el plazo de seis años con interés al 8% anual; y la finca "B" sería vendida al aquí demandado, como así también se hizo, por doscientos dólares. En dicha escritura se hizo constar, al hacer referencia a las obligaciones derivadas de la transacción, en relación con el precio de venta de la finca "B"; lo siguiente: "que es en sí el importe por el que han transado dicho pleito"; y al verificar en el propio documento la enajenación de dicha finca se consignó, al referirse a ésta, que la venta tenía lugar por la cantidad de doscientos dólares "que es el importe en que transaron los comparecientes el referido pleito civil sobre reivindicación, razón por la que nada tiene que pagar dicho comprador, pues su vendedor se la da en pago de dichos doscientos dólares".

Para garantizar el pago de la suma de mil doscientos dólares, importe del precio aplazado de la finca "A", sus intereses, etc., el demandado, con el expreso consentimiento de su

esposa, la aquí demandante, constituyó primera hipoteca voluntaria a favor del vendedor Suárez y Suárez sobre dicha finca.

Esta hipoteca fué pagada en su totalidad por el aquí demandado, estando aún casado con la aquí demandante, según escritura sobre carta de pago otorgada por el acreedor hipotecario el 10 de septiembre de 1946.

El matrimonio entre la demandante y el demandado quedó disuelto por sentencia de divorcio posteriormente a la cancelación de la aludida hipoteca.

El tribunal a quo dictó sentencia declarando que la finca identificada con la letra "A" era ganancial, por haber sido adquirida durante el matrimonio y pagado su precio de compra constante éste; y que la finca identificada con la letra "B" era un bien privativo del demandado, ya que si bien fué adquirida durante el matrimonio, lo fué como resultado de la transacción de derechos y acciones que pertenecían al demandado privativamente.

En apelación, el demandado sostiene que fué error del tribunal sentenciador atribuir carácter ganancial a la finca "A". Argumenta que la transacción a que llegó con el demandado Suárez y Suárez en el pleito de reivindicación lo fué de derechos y acciones adquiridos antes de su matrimonio con la aquí demandante, y que por lo tanto dicha finca "A" debe reputarse como un bien privativo.

No estamos de acuerdo. Si bien el demandado adquirió siendo soltero los derechos y acciones que pudiera haber tenido la Sucn. Lanzó en las fincas objeto de dicha cesión, nunca hubo adjudicación judicial de tales derechos, y la transacción extra-judicial a que llegó con Suárez y Suárez fué de limitado alcance y su esfera y efectos se circunscribieron, según lo pactado en la escritura otorgada a esos fines, a la finca "B", que le fué adjudicada en pago de doscientos dólares, que fué la causa que medió para el desistimiento, por el demandado, de su reclamación. Aunque ésta se dirigió únicamente contra la finca "A", y de esa reclamación fué que desistió el

demandante, la causa cierta que medió fué la indicada suma, y en pago de ella le fué traspasada por el demandado en dicho pleito la finca "B". Surge con patente claridad de dicho documento, por lo tanto, que el aquí demandado quedó pagado en "el importe en que transaron los comparecientes el referido pleito civil sobre reivindicación", o sea en la cantidad de doscientos dólares, con la adjudicación de una finca distinta de aquélla reclamada en su acción reivindicatoria, quedando, en consecuencia, liberada totalmente la finca "A" de su reclamación, entrando en el ámbito de la transacción esta última finca al solo fin de ser adquirida por compraventa, como lo fué, en las condiciones y por el precio ya especificado.

La presunción de ganancial de que, por haber sido adquirida durante el matrimonio, art. 1307 del Código Civil, ed. 1930, participaba la finca "A", no sólo no quedó destruída por la prueba, sí que fué ratificada por los términos claros y precisos de la escritura otorgada. No se trata, en el caso de dicha finca de una adquisición hecha—aunque durante el matrimonio—en sustitución, subrogación o permuta de un derecho privativo que deba entrar a formar parte del capital privativo del demandado, 9 Manresa, 5ta. ed., Comentarios al Código Civil, 547 a 552 y 595 et seq.; 22 Scaevola Código Civil, 120 et seq. En transacción y pago de su alegado derecho sobre dicha finca "A" recibió el aquí demandado la finca "B", y por ello fué adjudicada ésta como un bien privativo suyo por el tribunal a quo. Al quedar liberada la primera, su adquisición que por compra le hiciera el aquí demandado a Suárez y Suárez, reviste el carácter de ganancial y no privativa, pues no fué en virtud del reconocimiento de su alegado título sobre la misma que se verificó la venta, y sí en virtud del pago del precio acordado para su enajenación, precio que fué pagado con fondos de la sociedad de gananciales. No cometió error, pues, el tribunal sentenciador al reputar como ganancial la finca objeto del presente recurso.

*La sentencia será confirmada.*