Margarita Morales Morales, recurrente, *v.* El Registrador de la Propiedad de Caguas, recurrido.

*Número:* O-72-49     *Resuelto:* 4 de enero de 1973

*Gregorio Ramos Rivera,* abogado de la recurrente; el Registrador recurrido compareció por escrito.

PER CURIAM: Con la siguiente nota se denegó la inscripción solicitada en el Registro de la Propiedad de Caguas:

"Se deniega la cancelación solicitada por este documento por haberse observado que no comparecen los acreedores hipotecarios que en este caso lo son José C. de Windt casado con Irmina Rodríguez quien no compareció en esta escritura tomándose en su lugar anotación preventiva por el término legal de 120 días a favor de la deudora hipotecaria, al folio 281 del tomo 672 de Caguas, al margen de la inscripción 1ª de la finca 21,784."

La cuestión planteada es sencilla. ¿Es necesaria la comparecencia de la esposa para cancelar una hipoteca que garantizaba un préstamo concedido por un hombre casado?

Hace más de sesenta años resolvimos la cuestión en *Díaz* v. *Registrador de la Propiedad*, 9 D.P.R. 187 (1905). Allí expresamos que "Considerando que con arreglo al artículo 159 del Código Civil Revisado, el marido no puede enajenar los bienes inmuebles de la sociedad conyugal, sin el consentimiento de la mujer, bajo pena de nulidad; y que existiendo en el presente caso las mismas razones que el legislador tuvo presente para establecer aquella prohibición, puesto que por la cancelación de un crédito hipotecario, lo mismo que por la enajenación de cualquiera inmueble, perteneciente a la sociedad conyugal, se la desapodera de un derecho real, en el cual puede estar interesada la mujer, y por consiguiente, debe entenderse aplicable en el presente caso la prohibición establecida por el artículo citado del vigente Código Civil, por el conocido principio o aforismo jurídico de que donde existe la misma razón de la ley, debe existir la misma disposición del derecho." Ver además *Caballero* v. *Registrador de la Propiedad*, 12 D.P.R. 222 (1907).

El caso de *Dávila* v. *Registrador*, 59 D.P.R. 130 (1941) no es de aplicación a la situación que el presente plantea por tratarse de la cancelación de una hipoteca garantizando un pagaré al portador.

*Se confirmará la nota recurrida.*