Telesforo Rosa Resto, demandante y recurrido, v.
Carmen P. Rodríguez Solís, demandada y recurrente.

*Número:* R-80-372      *Resuelto:* 19 de mayo de 1981

*María Luisa León Valiente* e *Ivette Ramos Buonomo*, abogadas de la parte recurrente; el recurrido compareció por derecho propio.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

El Juez Rosa Resto y la maestra Carmen Pura Rodríguez estuvieron casados bajo el régimen de sociedad de gananciales desde el 3 septiembre, 1965 hasta su divorcio el 14 febrero, 1974, y durante esos 8 1/2 años ambos estuvieron acogidos a sistemas de retiro gubernamental de la Judicatura y de los Maestros. La Sala de San Juan del Tribunal Superior dictó sentencia estableciendo las bases para la liquidación de la extinta sociedad conyugal, pero excluyó de dichas operaciones el equivalente numérico de las aportaciones del juez al Sistema de Retiro de la Judicatura de Puerto Rico, sufragadas con su sueldo, resolviendo que esos fondos son de la pertenencia particular del participante en el Sistema y están por tanto excluidos del caudal ganancial sujeto a liquidación.

El juez recurrido no está pensionado, sino acogido a pensión diferida. Al renunciar su cargo para dedicarse a la práctica privada, no solicitó rembolso de aportaciones y continúa como miembro del Sistema con expectativa de pensión en su día.

Al recurso de revisión de la ex-esposa expedimos el auto el 23 octubre, 1980. Hay que decidir si las aportaciones tienen carácter ganancial, dentro del mayor propósito de armonizar el precepto de Derecho Civil común con la Ley especial reguladora del Sistema de Retiro.

La liquidación de la sociedad de gananciales comprende todas las operaciones necesarias para determinar la existencia de gananciales y en caso afirmativo su división por partes iguales entre ambos cónyuges, o sus sucesiones en interés. A esta cantidad o valor final a ser dividido por mitad, se llega previas deducciones y reintegros a cada uno de aquellos bienes que le corresponden a título privativo, así como de las responsabilidades imputables al acervo común. Dicha liquidación puede resumirse en tres operaciones: 1 formación de inventario con avalúo y tasación; 2 determinación del haber social o balance líquido a partir; y 3 división y adjudicación de los gananciales. *Janer Vilá* v. *Tribunal Superior*, 90 D.P.R. 281 (1964). El inventario es la base de todo el proceso y se le define como "relación detallada del activo (bienes y derechos) y pasivo (obligaciones y cargas) de la comunidad en el momento de su disolución, acompañada de su tasación".(1) Ordena el Art. 1317 del Código Civil, 31 L.P.R.A. sec. 3692:

El inventario comprenderá numéricamente, para colacionarlas, *las cantidades que, habiendo sido pagadas por la sociedad de gananciales,*(2) deban rebajarse del capital del marido o de la mujer.

(1) Bonet Ramón, *Código Civil comentado*, 2da ed., pág. 1108.

(2) La ilustrada juez rechaza la inclusión en inventario y eventual colación de las aportaciones hechas por el demandante al Sistema de Retiro, aun cuando provienen del salario del participante, con el fundamento siguiente:

". . . De adoptarse esta interpretación al liquidarse la sociedad legal de gananciales estaría obligado el cónyuge participante en el Sistema de Retiro a pedir el reembolso de las aportaciones acumuladas hasta ese momento renunciando así, de ser ello posible, al derecho mismo a la anualidad por retiro o pensión. El caudal ganancial responde de las deudas y de las cargas de la sociedad y el remanente líquido es dividido entre el marido y la mujer por mitad o sus respectivos herederos. Requerir la colación de las aportaciones acumuladas en un sistema de retiro en el caudal ganancial inventariado extingue el derecho mismo a la pensión y extinguiría, por tanto, un derecho privativo del participante.

"Determinamos que las aportaciones acumuladas por el demandante durante su matrimonio al Sistema de Retiro de la Judicatura no constituyen parte del caudal ganancial al momento de liquidarse la sociedad. El demandante comenzó

> También se traerá a colación el importe de las donaciones o enajenaciones que deban considerarse ilegales o fraudulentas, con sujeción a la sec. 3672 de este título. (Énfasis nuestro.)

Forman parte del activo a ser inventariado, no sólo los bienes y derechos en poder de la comunidad conyugal al momento de su disolución, sino que también han de ser incluidas en inventario y traídas a colación todas las cantidades que habiendo sido pagadas por la sociedad de gananciales, deban rebajarse del capital de marido o de la mujer.(3)

El derecho a pensión de retiro por años de servicio del empleado público tiene un respetable contenido ético y moral y constituye un seguro de dignidad para el hombre o la mujer que habiendo dedicado al servicio público sus años fecundos, no debe encontrarse en la etapa final de su vida en el desamparo, o convertido en carga de parientes o del Estado. *Román Mayol* v. *Tribunal Superior*, 101 D.P.R. 807, 811 (1973). En *Maldonado* v. *Tribunal Superior*, 100 D.P.R. 370, 375 (1972), este Tribunal resolvió que

a hacer sus aportaciones al Sistema de Retiro siendo soltero, continuó haciéndolas durante su matrimonio y después de su divorcio y estas aportaciones garantizaron y garantizan la existencia de un derecho personalísimo, intransferible. Sujetarlas a una liquidación de bienes ganciales equivaldría a que dejara de subsistir el derecho en expectativa que tiene el demandante a una pensión. La liquidación a una sociedad de bienes ganciales conlleva unas operaciones reales de satisfacción de deudas y obligaciones y constituye una sutileza abstracta al referirse a las aportaciones concretas a un Sistema de Retiro como crédito de la sociedad conyugal. El calificar de ganancial estas aportaciones puede significar en las operaciones numéricas que conlleva tal liquidación que necesariamente se requiera su reembolso para colacionarlas en el caudal ganancial, extinguiendo como antes hemos apuntado los derechos privativos del cónyuge pensionista que con sus años de servicio y sus aportaciones ha ido forjando la protección de su futuro retiro."

La decisión que hoy tomamos encuentra armonía entre la Ley especial y el Código Civil.

(3) Primas de un seguro tomado por los cónyuges a favor del supérstite, no pueden catalogarse como gasto de utilidad común de la familia, y deben ser rembolsadas a la comunidad al tiempo de su liquidación para que cada parte en ésta, tome lo que le corresponda. Sentencia de 22 dic. 1944 citada por Bonet Ramón, *op. cit.*, pág. 1.110.

la pensión de retiro, ya disuelto el matrimonio, es por su naturaleza personalísima de crédito *intuitu personae,* un bien exclusivo de su titular, no obstante haberse adquirido a costa del caudal común de los esposos o por su industria, sueldo o trabajo que es el criterio de ganancialidad expuesto en el Art. 1301(4) del Código Civil, 31 L.P.R.A. sec. 3641.

En el caso que ahora nos ocupa la ex-esposa no reclama participación en la pensión, sino en las cuotas o aportaciones, que durante 8 1/2 años de matrimonio le fueron deducidas del salario a su anterior marido, un Juez Superior participante en el Sistema de Retiro de la Judicatura de Puerto Rico (Ley Núm. 12 de 19 octubre, 1954 (4 L.P.R.A. sec. 233 y *ss.*)) y exige que dichas aportaciones sean incluidas en inventario y eventualmente colacionadas en la liquidación de bienes gananciales. No puede cuestionarse que por haber el marido, participante del Sistema de retiro, pagado dichas aportaciones con parte de su sueldo, que es un bien ganancial típico, el Art. 1317 del Código exige su inclusión en inventario como cantidad pagada por la sociedad de gananciales, para la correspondiente rebaja del capital del ex-marido. Lo mismo ha de hacerse con las aportaciones, vigente el matrimonio, que hizo la demandada-recurrente al Sistema de Retiro para Maestros. En ningún caso, sin embargo, se obligará a un cónyuge adscrito a un sistema de retiro a abdicar y a perder su derecho a pensión solicitando el rembolso de los dineros acumulados para tal fin para entregar a la otra

---

(4) Art. 1301. *Bienes gananciales.*

"Son bienes gananciales:

"1. Los adquiridos por título oneroso durante el matrimonio a costa del caudal común, bien se haga la adquisición para la comunidad, bien para uno solo de los esposos.

"2. Los obtenidos por la industria, sueldo o trabajo de los cónyuges o de cualquiera de ellos.

"3. Los frutos, rentas o intereses percibidos o devengados durante el matrimonio, procedentes de los bienes comunes o de los peculiares de cada uno de los cónyuges." 31 L.P.R.A. sec. 3641.

parte la porción ganancial que reclama en los mismos. Ordena el Art. 7 de la citada Ley de Retiro de la Judicatura, 4 L.P.R.A. sec. 239, que "Todo participante que reciba un rembolso perderá, y se entenderá que renuncia, a todo derecho adquirido en el Sistema y a todos los servicios por los cuales había recibido crédito".

Una ley especial sobre determinada materia debe prevalecer sobre cualquier otro precepto aplicable que sea de carácter general. *París* v. *Canety*, 73 D.P.R. 403, 406 (1952). "[L]as materias especiales [contrato de seguro en este caso] se rigen por sus leyes especiales y por el derecho jurisprudencial que se va formando en torno a los estatutos. El Código Civil, desde luego, como espina dorsal que es de nuestro derecho privado, queda siempre como acervo supletorio." *Rosario* v. *Atl. Southern Ins. Co. of P.R.*, 95 D.P.R. 759, 764 (1968). El régimen jurídico del retiro de los jueces de Puerto Rico lo constituye la Ley Núm. 12 de 1954, *supra*, cuya aplicación preferente sigue la norma del Art. 12 del Código Civil(5) según el cual sus preceptos tienen el concepto de supletorios. La ley especial que nos ocupa, sin embargo, no sustrajo afirmativa y efectivamente las aportaciones del cónyuge participante del Sistema de retiro, del régimen de Derecho civil común para la sociedad de gananciales(6) dejando intacta la proyección eficaz del Código sobre ese aspecto, para todo caso en que

---

(5) Art. 12. "En las materias que se rijan por leyes especiales, la deficiencia de éstas se suplirá por las disposiciones [del Código Civil]." 31 L.P.R.A. sec. 12.

Esta ley especial de retiro tiene raíz y estirpe constitucional derivada del Art. V, Sec. 10 de la Constitución de Puerto Rico en su disposición de que la Asamblea Legislativa establecerá un sistema de retiro para los jueces.

(6) La proposición del recurrido de que las aportaciones deben entenderse por implicación liberadas del régimen de sociedad de gananciales ha sido rechazada por este Tribunal al declarar "Lo fundamental en la sociedad de gananciales regulada por la ley, es el derecho que adquieren los cónyuges, de que a la disolución del matrimonio se dividan de por mitad entre ambos los beneficios o ganancias que durante el matrimonio se hayan obtenido, derecho que no puede ser modificado sin causar perjuicio a los cónyuges que bajo ese régimen celebraron su matrimonio . . .". *Márquez et al.* v. *Jordi*, 19 D.P.R. 712, 715 (1913).

el vigor de los Arts. 1300 y 1317 del Código Civil no subvierten ni en modo alguno enervan la letra y espíritu del estatuto especial de retiro. La única área de conflicto entre dicho estatuto y los citados preceptos del Código Civil surgiría de la situación en que no hay otro bien para satisfacer la parte adjudicada a un cónyuge en la liquidación de gananciales que los fondos de aportaciones acumuladas que aseguran la pensión de retiro del otro, en cuyo caso quedará diferido el cumplimiento de esa parte de la división de bienes de la sociedad, toda vez que la prevalencia de la ley especial estableciendo el Sistema impide la erosión y destrucción de los beneficios allí provistos, calificados como "derecho adquirido", 4 L.P.R.A. sec. 239, o "derechos garantizados", 4 L.P.R.A. sec. 244. Esta solución reclama fundamento, además, en aquella teoría de Derecho en la que el concepto de litigación basado en simple contención, ha sido suplantado por uno de ajuste de intereses, tendencia que emerge especialmente en el desarrollo moderno de la sentencia declaratoria. R. Pound, *Jurisprudence*, 1959, Vol. 1, pág. 452.

No parece ser de tal conflicto la situación del demandante-recurrido quien según la sentencia tiene un crédito de $22,070.95 contra la sociedad de deudas pagadas después del divorcio, y una participación de 50% en inmueble libre de cargas tasado en $70,000 y en condiciones de colacionar las aportaciones que con dinero ganancial hizo la demandada recurrente a su propio Sistema de Retiro de Maestros, por lo que nunca tendría que tocar los fondos de su retiro de la judicatura, ya que a la vista están los medios de enjugar lo que a la postre quede de la reclamación en cierto modo pírrica de la recurrente.

■ Toda vez que surge con diáfana claridad del Art. 1301(2) del Código Civil que las aportaciones del recurrido al Sistema de Retiro durante su matrimonio tienen la naturaleza de bien ganancial, pues las obtuvo por su trabajo, deberán incluirse en inventario para colacionarlas, según

ordena el Art. 1317 del Código, *ante*, y someterlas a los pasos u operaciones de liquidación de la sociedad conyugal que hemos relacionado, deteniéndose al final la ejecución de los términos de liquidación únicamente si para satisfacer la parte del caudal común adjudicado a la demandada-recurrente hubiere de afectarse la integridad de los fondos que garantizan la pensión de retiro del anterior Juez Sr. Rosa Resto.

*Con estos antecedentes y fundamentos la sentencia dictada por la Sala de San Juan el 23 junio, 1980 será revocada y el caso devuelto a instancia para continuación de procedimientos compatibles.*

El Juez Presidente Señor Trías Monge y el Juez Asociado Señor Negrón García se inhibieron. El Juez Asociado Señor Rigau no intervino.