Córdova Arone, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
I
Se apela de una sentencia emitida el 25 de junio de 1999 por el Tribunal de Primera Instancia, Sala *1005 Superior de Mayaguez, declarando ha lugar la demanda y se determinan como gananciales los siguientes muebles e inmuebles: Camión Mack 1980, número de motor RD68SX7466, tablilla número 8860HP, así como $20,000.00 dados de pronto para el mismo; un auto Ford 1988, serie IFTEXISN3JKB3607, por el cual se pagó la cantidad de $2,500.00; un auto Oldsmobile 1983 comprado por $1,500.00 y $17,500.00 obtenidos con la venta de un inmueble localizado en la Urb. Guanajibo Gardens. Además, se le impuso a los apelantes el pago de las costas y gastos del pleito, así como la cantidad de $2,500.00 por concepto de honorarios de abogado.
La apelada no compareció a la vista en su fondo, a pesar de tener conocimiento de su celebración, pero compareció su representación legal quien pidió la suspensión de la misma. La solicitud fue rechazada dado el historial del caso. En su contestación a la demanda y en su escrito de apelación los apelantes negaron que estos bienes son gananciales y que forman parte de la sociedad de gananciales compuesta por el apelante Milton Torres Quiles y la apelada Annette Vargas García. La apelada presentó su alegato ante este Tribunal el 15 de octubre de 1999, perfeccionándose de esa manera el recurso, por lo que estamos en condiciones de resolver. Se señala que aunque los apelantes cuestionaron la suficiencia de la prueba, no solicitaron la aplicación de la Regla 19 de las de nuestro Reglamento.
II
Veamos ahora algunos de los hechos no controvertidos. Las partes contrajeron matrimonio el 21 de noviembre de 1986. Se dictó sentencia de divorcio por la causal de trato cruel el 19 de abril de 1995. Procrearon cinco hijos, todos menores de edad a la fecha en que se dicta la sentencia de divorcio, los cuales conviven con la apelada. El régimen económico que estuvo vigente durante el matrimonio fue el de la sociedad legal de gananciales.
Según la sentencia apelada, se estipuló una certificación del Registro de la Propiedad que muestra que la finca núm. 36,861, que es el inmueble a que se refiere la sentencia apelada, fue comprado por el apelante Milton Torres Quiles, según escritura número 96 otorgada en Mayagüez el 18 de mayo de 1987 ante el notario Jaime E. Sepúlveda Seda. Por otra escritura, la número 97 de la misma fecha y ante el mismo notario antes mencionado, Don Milton constituyó hipoteca voluntaria sobre este solar. En ambas escrituras compareció como soltero cuando realmente y jurídicamente estaba casado. La escritura de compraventa antes dicha fue estipulada por las partes. Se estipuló, además, que posteriormente mientras estaba casado con la apelada, este inmueble se vendió por $30,400.00, reflejando una ganancia neta de $17,500.00. Según el testimonio de Don Milton, este dinero se usó para comprar un auto y para pagar deudas. No presentó recibo alguno para evidenciar los alegados pagos.
Antes de casarse, el 3 de julio de 1986, el apelante firmó un contrato de compraventa con Santa Elena Development por el cual se comprometió a comprar la propiedad número 36,861 y acordó pagar y en efecto pagó la suma de $900.00 al hacer este compromiso para retener su derecho a posteriormente adquirir la propiedad. Esta es la misma propiedad que compró luego estando casado.
Estando casado también compró un vehículo Mack 1980 dando un pronto de $20,000.00, de los cuales $10,000.00 provinieron de un préstamo para poder dar un pronto de $11,500.00. El costo del camión fue de $60,000.00 (según factura fue $59,000.00). Según la factura que evidencia esta transacción, el pronto dado fue de $20,000.00 y no la cantidad que declaró el apelante Don Milton. Según la sentencia del Tribunal, el apelante aceptó que esta unidad la compró estando casado.
Los apelantes, (testimonio de Don Milton según la sentencia apelada), aceptaron también haber adquirido una guagua Ford 1988, allá para el 1995, por lo que pagó la suma de $2,500.00 y un auto Oldsmobile 1983 por el que pagó la cantidad de $1,500.00. No se pudo evidenciar la compra de este segundo auto por no tener el *1006 contrato de compra.
Ante estos hechos, el tribunal apelado resolvió según antes dicho e inconformes con dicho dictamen en su escrito de apelación señalan los apelantes como error del tribunal el que al liquidar la sociedad de gananciales no siguieron las tres operaciones que se establecen en el caso Rosa Resto v. Rodríguez Solís, 111 D.P.R. 89, a la pág. 91, por lo que la liquidación es inválida, que erró también al determinar que la suma recibida por la venta del inmueble es parte de los bienes gananciales sujetos a liquidación y finalmente que erró el tribunal al determinar que el vehículo marca Ford 1998 era ganancial.
III
Discutiremos el segundo y tercer error juntos. Mientras los comparecientes estuvieron casados rigió la sociedad de gananciales entre ellos. El Art. 1295 del Código Civil, 31 L.P.R.A. sec. 3621, establece que mediante la sociedad de gananciales, el marido y la mujer harán suyos por mitad al disolverse el matrimonio las ganancias o beneficios obtenidos indistintamente por cualquiera de los cónyuges durante el matrimonio. El Art. 1296 del Código Civil, 31 L.P.R.A. sec. 3622, establece que la sociedad de gananciales empezará precisamente el día de la celebración del matrimonio.
Los hechos que hemos repasado ocurrieron mientras subsistía el matrimonio, excepto el compromiso que hiciera el apelante Don Milton para comprar el inmueble con Santa Elena Development. Cuando el apelante Don Milton compró el inmueble, la sociedad de gananciales había comenzado, por lo que en ese caso él tenía que comparecer en dicha escritura manifestando su estado civil de casado y junto con su esposa. Compareció solo y como soltero. Al no reconocer su estado civil de casado, cometió fraude. No estableció que los fondos que usó para la compra del inmueble eran bienes privativos, ya que estaba impedido por su engaño.
Para que la compra fuera privativa estando casado en ese momento, tenía que explicar detalladamente en el contenido de la escritura la fuente o el origen de los fondos que usó para la compra. Según la escritura número 97, el precio de compra fue $30,400.00, parte del cual se pagaba constituyéndose una hipoteca sobre el bien inmueble. Para poder establecer la compra como privativa era requisito que la esposa compareciera consintiendo a la transacción, especialmente cuando se está constituyendo una deuda hipotecaria. Véase Art. 1313 del Código Civil, 31 L.P.R.A. sec. 3672 y Morales v. Registrador, 101 D.P.R. 4, (1973).
Recordemos que el Art. 1301 del Código Civil, 31 L.P.R.A. see. 3641, establece, en lo pertinente, que son bienes gananciales los adquiridos por título oneroso durante el matrimonio a costa del caudal común, bien se haga la adquisición para la comunidad, bien para uno sólo de los esposos. De ahí nace la presunción de ganancial para los bienes adquiridos durante el matrimonio. Echevarría Jiménez v. Sucn. Pérez Meri, 123 D.P.R. 664, 681 (1989). Véase, además, el Art. 1307 del Código Civil, 31 L.P.R.A. sec. 3647, y García v. Montero Saldaña, 107 D.P.R. 319, 335, (1978). Para rebatir esta presunción no se presentó esta prueba o nada semejante durante el juicio. Escobar v. Rivera, 78 D.P.R. 497 (1955).
No nos cabe la menor duda que el inmueble que mediante la sentencia apelada se liquidó era ganancial cuando se adquirió y, por supuesto, también cuando se vendió, por lo que el producto de la venta, la suma de $17,500.00, se liquida según dispone el Art. 1295 del Código Civil, supra. Por los mismos fundamentos lo son también los automóviles determinados gananciales por el tribunal apelado. No se cometieron ni el segundo ni el tercer error señalados por los apelantes.
IV
En la sentencia apelada, el tribunal determinó que los bienes a los cuales hemos hecho referencia son gananciales conforme al Art. 1301 del Código Civil, supra. Esta era la controversia que tenía ante sí el foro *1007 apelado, debido a que los apelantes negaron que estos bienes eran gananciales. Su determinación en cuanto a este aspecto es la corrrecta y la confirmamos.
No obstante, quedan ciertos asuntos por aclarar. A los apelantes se les tiene que dar la oportunidad para probar la existencia del alegado contrato de venta condicional que alegan gravaba el camión Mack y los pagos que también alegan se hicieron por dichos apelantes con posterioridad al divorcio.
De presentar esta prueba y permitirse la misma por el tribunal, tendría en ese caso el apelante Don Milton un crédito por estos pagos. Se tiene que establecer el valor del vehículo para entonces determinar la participación de cada uno de los miembros de la sociedad de gananciales. De esa manera se cumple con lo dispuesto en el Art. 1317 del Código Civil, 31 L.P.R.A. sec. 3692. También se estableció que el precio de compra del camión Mack fue $59,000.00 y se dio un pronto de $20,000.00, quedando por pagar la suma de $39,000.00, pero ésto no pone en condiciones para poder liquidar este mueble.
La liquidación de la sociedad de gananciales puede resumirse en tres operaciones; (1) formación de inventario, (2) determinación del haber social o balance líquido a partir; y (3) la división y adjudicación de los gananciales. Rosa Resto v. Rodríguez Solís, 111 D.P.R. 89, 91. Para liquidar el camión se tienen que seguir estos pasos.
En cuanto a los otros dos autos, se debe seguir el mismo proceso. Evaluar los mismos mediante tasación para determinar el valor a la fecha del divorcio. Las partes, nos parece, deben considerar las cuantías envueltas y el costo que conllevaría la tasación. No vemos razón alguna para que las partes no puedan ponerse de acuerdo en relación a estos valores y evitar gastos adicionales. El inmueble se vendió antes del divorcio, estando la sociedad de gananciales en vigor.
Los apelantes intentaron probar ciertos gastos para reducir la ganancia obtenida, pero el juez sentenciador no le dio credibilidad alguna a lo declarado por el apelante Don Milton. Sabido es que es norma apelativa que la apreciación de la prueba del tribunal apelado será respetada y no se intervendrá con ella, en ausencia de pasión, parcialidad o error manifesto. Rolón García v. Charlie Car Rental, Inc. y Otros, 99 J.T.S. 89, a la pág. 1099.
Estamos de acuerdo con el tribunal sentenciador en que la cantidad fijada para liquidar es líquida y no requiere avalúo o tasación. La cantidad de $17,500.00 se debe dividir entre los miembros de la sociedad. No obstante, debemos recordar que los apelantes tienen un crédito de $900.00, cantidad que Don Milton pagó cuando soltero para formalizar el contrato de compra y esta cantidad se acreditó al precio de compra que se refleja en la mencionada escritura de compraventa.
V
Por los fundamentos expuestos, se confirma la sentencia apelada con las modificaciones expresadas y se devuelve el caso al Tribunal de Primera Instancia para que se continúen los procedimientos conforme con lo aquí resuelto.
Notifíquese.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
*1008 ESCOLIOS 2000 DTA 61
1. Sin embargo, en su Escrito de Apelación los apelantes no cuestionan que el camión marca Mack 1980 es ganancial, lo que cuestionan es que no fue propiamente evaluado para determinar su valor real para cada miembro de la sociedad al no tomarse en consideración un contrato de venta condicional y los pagos que se hicieron después del divorcio para fijar el crédito que podría tener el apelante Don Milton.
2. El tribunal determinó los bienes gananciales que componen la sociedad.