ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| DOANIA DELGADO DÍAZ<br><br>Recurrida<br><br>v.<br><br>DANIEL VELÁZQUEZ DELGADO<br><br>Peticionario | **KLCE202400027** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Caguas<br><br>Civil Núm.: CG2019CV00538 (701)<br><br>Sobre: Liquidación de Bienes Gananciales |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 15 de febrero de 2024.

Comparece ante este foro el Sr. Daniel Velázquez Delgado (señor Velázquez o el peticionario) y solicita que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala de Caguas, la cual fue notificada el 8 de diciembre de 2023. Por medio del dictamen recurrido, el foro primario denegó una moción de reconsideración presentada por el peticionario, con relación a una *Orden* notificada el 1 de noviembre de 2023, en el cual el foro recurrido declaró no ha lugar a la solicitud de sentencia sumaria parcial.

Por los fundamentos que expondremos a continuación, **DENEGAMOS** la expedición del auto solicitado.

### I.

El 22 de febrero de 2019, la Sra. Doania Delgado Díaz (señora Delgado o la recurrida) instó una *Demanda* sobre liquidación de comunidad de bienes en contra del peticionario, con quien estuvo casada bajo el régimen de

Sociedad Legal de Bienes Gananciales.[1] Cabe destacar que la señora Delgado y el señor Velázquez se divorciaron, en virtud de una *Sentencia* emitida el 24 de abril de 2017. La recurrida expresó que no deseaba continuar en la comunidad de bienes, por lo que, solicitó que la misma fuera disuelta. En esencia, alegó que tenía un crédito correspondiente por estar pagando la hipoteca que grava un bien inmueble que adquirieron durante el matrimonio en el Municipio de Gurabo (Inmueble A). A su vez, arguyó que la Sociedad Legal de Gananciales tenía un crédito correspondiente a la cuenta de retiro del peticionario ante el patrono de este, el Departamento de Educación, el cual corresponde a las aportaciones realizadas a su cuenta de retiro con dinero ganancial. De igual forma, las acciones que tiene el señor Velázquez por ser miembro de la Asociación de Empleados de AEELA.

Por su parte, el 24 de mayo de 2019, el peticionario presentó *Contestación a la Demanda*.[2] En síntesis, manifestó que, el bien inmueble en Gurabo fue comprado con aportaciones privativas de él. Señaló que, para el año 2002 había comprado un bien inmueble saldo (Inmueble B), y estando casado, en el año 2015 lo vendió por $65,000.00. Posteriormente, alegó que ese dinero lo invirtió en la adquisición del bien inmueble A, en Gurabo. Por lo tanto, reclamó el crédito de los $65,000.00 por su aportación privativa. También, alegó tener derecho a participar de las aportaciones que la recurrida tiene, por retiro y seguro social, durante la vigencia del matrimonio.

---

[1] *Demanda*, anejo II, págs. 13-15 del apéndice del recurso.
[2] *Contestación a la Demanda*, anejo III, págs. 16-22 del apéndice del recurso.

El 15 de octubre de 2019, el señor Velázquez presentó una *Reconvención*.[3] Mediante esta, reiteró que invirtió los $65,000.00 privativos en la adquisición del Inmueble A, por lo que, tiene un crédito en la comunidad de bienes post ganancial. A su vez, solicitó se realizara el inventario de bienes de la comunidad, se adjudiquen los créditos y proceda la disolución de la comunidad de bienes.

En respuesta, el 22 de noviembre de 2019, la señora Delgado presentó *Réplica a Reconvención*.[4] Mediante esta, aceptó que el peticionario compró un bien inmueble en el 2002. Sin embargo, que alegó que "el dinero utilizado por el señor Velázquez para adquirir dicho bien provinieron de un préstamo hipotecario que hicieron los padres de éste y el cual fue pagado en su totalidad por la sociedad de bienes gananciales que constituyeron las partes". Por lo que, manifestó que la sociedad de bienes gananciales era el dueño del bien inmueble y tiene un crédito a su favor. De otra parte, arguyó que las aportaciones al seguro social no son gananciales, por lo que, no forman parte del inventario a dividir.

Luego de varias incidencias procesales, el 8 de mayo de 2023, el peticionario instó una solicitud de sentencia sumaria parcial.[5] En síntesis, argumentó la inexistencia de controversias de hechos esenciales que impidieran concluir, como cuestión de derecho, que la extinta Sociedad Legal de Bienes Gananciales que existió durante la vigencia del matrimonio, el peticionario tiene un crédito de $65,000.00 por concepto de la venta

---

[3] *Reconvención*, anejo IV, págs. 23-32 del apéndice del recurso.
[4] *Réplica a Reconvención*, anejo V, págs. 33-40 del apéndice del recurso.
[5] *Moción en Solicitud de Sentencia Sumaria Parcial*, anejo VII del apéndice del recurso.

del Inmueble B, y los cuales fueron utilizados en el Inmueble A, en Gurabo. A su vez, un crédito por el dinero retirado por parte de la recurrida de la cuenta ganancial y un crédito por concepto de las aportaciones que la señora Delgado realizó a al Seguro Social durante la vigencia del matrimonio.

Por su parte, el 15 de junio de 2023, la recurrida se opuso a la solicitud de sentencia sumaria parcial presentada por el peticionario. En esencia, sostuvo que la moción de sentencia sumaria parcial es improcedente en derecho. Sostuvo que, el pago realizado al préstamo que hicieron los padres del peticionario para la compra del Inmueble B, lo realizó en su totalidad la sociedad legal de bienes gananciales. Además, aunque aceptó que ha realizado aportaciones a su cuenta del Seguro Social, sostuvo que esas no estaban sujetas a liquidación.

Evaluadas las mociones de las partes, el 1 de noviembre de 2023, el foro primario notificó una *Orden*.[6] Mediante esta, determinó que existe controversia sobre el dinero con el que se adquirió el Inmueble B. A su vez, dispuso que las aportaciones del Seguro Social no son colacionables, conforme a la jurisprudencia actual.

En desacuerdo, el 16 de noviembre de 2023, el peticionario presentó *Moción en Solicitud de Reconsideración*.[7] Por su parte, el 7 de diciembre de 2023, la recurrida presentó *Réplica a Moción en Solicitud de Reconsideración*.[8] Revisadas las mociones

---

[6] *Orden*, anejo IX del apéndice del recurso.
[7] *Moción en Solicitud de Reconsideración*, anejo X del apéndice del recurso.
[8] *Réplica a Moción en Solicitud de Reconsideración*, anejo XII del apéndice del recurso.

presentadas, el foro primario la declaró *No Ha Lugar* mediante una *Orden* notificada el 8 de diciembre de 2023.

Aún inconforme, el 8 de enero de 2024, el peticionario presentó una *Solicitud de Certiorari*, en la que adujo que el foro primario cometió los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al abusar de su discreción y no declarar como incontrovertidos, hechos admitidos por la parte recurrida en sus escritos y en la deposición.
>
> Erró el Tribunal de Primera Instancia al declarar que "si bien el llamado "Inmueble B" era uno privativo, existe controversia sobre el dinero con el que fue adquirido" cuando de las admisiones de la parte recurrida durante la deposición surge claramente que no tiene prueba alguna para sostener sus alegaciones.
>
> Erró el Tribunal de Primera Instancia al no aplicar lo dispuesto en *Hisquierdo v. Hisquierdo*, 439 US 572 (1979); *Rosa Resto v. Rodríguez*, 111 DPR 89 (1981); *Vega Rivera v. Soto Silva*, 164 DPR 113 (2005) y declarar que las aportaciones al beneficio del Seguro Social no son colacionables, ante las circunstancias distinguibles del presente caso.

Transcurrido el término dispuesto en nuestro Reglamento para la presentación del alegato de la parte recurrida, esta no compareció a presentarnos su postura. Consecuentemente, declaramos perfeccionado el recurso de epígrafe y procedemos a su disposición, conforme a Derecho.

**II.**

**-A-**

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en que el Tribunal de Apelaciones expedirá un recurso de *certiorari* para

revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. Es decir, cuando "se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo." Regla 52.1 de Procedimiento Civil, *supra*.

Asimismo, dispone los supuestos en que este foro intermedio podrá revisarlas, con carácter discrecional y a manera de excepción, en las siguientes instancias:

> [C]uando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, establece los criterios que este foro debe tomar en consideración al atender una solicitud de expedición de este recurso discrecional; a saber, si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho. Así también, debemos tomar en consideración si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por parte del foro primario.

También examinaremos si el asunto planteado exige consideración más detenida a la luz de los autos originales o de alegatos más elaborados, o si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración. Finalmente, debemos analizar si la expedición del auto solicitado evita un fracaso de la justicia. Véase, Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

**–B–**

En nuestro ordenamiento, el mecanismo de sentencia sumaria procura, ante todo, aligerar la adjudicación de aquellos casos en los cuales no existe una controversia de hechos real y sustancial que exija la celebración de un juicio en su fondo. *Rodríguez García v. UCA*, 200 DPR 929 (2018). Este mecanismo, está instituido en la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, y su función esencial es el permitir que, en aquellos litigios de naturaleza civil, una parte pueda mostrar, previo al juicio, que tras las partes contar con la evidencia que ha sido debidamente descubierta, no existe una controversia material de hecho que deba ser dirimida en un juicio plenario; y que, por tanto, el tribunal está en posición de aquilatar esa evidencia para disponer del caso ante sí. *Rodríguez Méndez, et als v. Laser Eye,* 195 DPR 769 (2016).

La solicitud de sentencia sumaria puede ser interpuesta por cualquiera de las partes que solicite un remedio por medio de una moción fundamentada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes. Regla 36.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.2. Por consiguiente, se dictará sentencia sumaria, si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, junto a cualquier declaración jurada que se presente, si alguna, demostrasen que no hay controversia real y sustancial sobre algún hecho esencial y pertinente y que; como cuestión de derecho, procediese hacerlo. Regla 36.3(e)

de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(e); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414 (2013).

En cuanto a los hechos esenciales y pertinentes a los que se refieren el precitado cuerpo de Reglas, es sabido que estos son los que se conocen como hechos materiales. Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1. Al respecto, un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. Además, la controversia sobre el hecho material tiene que ser real. Esto es, que una controversia no es siempre real o sustancial o genuina. Por ello, la controversia deberá ser de una calidad suficiente como para que sea necesario que un juez la dirima a través de un juicio plenario. Regla 36.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1; *Ramos Pérez v. Univisión*, 178 DPR 200, 213-214 (2010).

Ahora bien, cuando se presente una moción de sentencia sumaria y se sostenga en la forma que establece la Regla 36 de Procedimiento Civil, *supra*, la parte contraria no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones; sino que dicha parte estará obligada a contestar en forma tan detallada y específica como lo haya hecho la parte promovente. De no hacerlo así, se dictará la sentencia sumaria en su contra, si procede. Regla 36.3(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(c). Por tanto, el oponente deberá controvertir la prueba presentada con evidencia sustancial y no podrá simplemente descansar en sus alegaciones. *Roldán Flores v. M. Cuebas et al.,* 199 DPR 66 (2018).

Quiere decir que, para derrotar una solicitud de sentencia sumaria, la parte opositora deberá presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados por el promovente. *Ramos Pérez v. Univisión*, supra, pág. 215. Si el oponente no controvierte los hechos propuestos de la forma en que lo requiere la Regla aplicable, tales hechos se podrán considerar como admitidos y se dictará la sentencia en su contra, si procediese. *Roldán Flores v. M. Cuebas, Inc.*, supra. De igual forma, si la parte contraria no presenta su contestación a la sentencia sumaria en el término reglamentario provisto, se entenderá que la moción de sentencia sumaria quedó sometida para la consideración del tribunal. Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, Regla 36.3.

Por último, es preciso recordar que nuestro Máximo Foro ha dispuesto que, como Tribunal de Apelaciones, nos encontramos en igual posición que el Tribunal de Primera Instancia para evaluar la procedencia o no de conceder una solicitud de sentencia sumaria. *Meléndez González et al. v M. Cuebas*, 193 DPR 100, 122 (2015). A tales efectos, nuestra revisión será una *de novo* y el análisis que realizaremos se regirá por las disposiciones contenidas en la Regla 36 de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa.

Por ello, de entender que procede revocar una sentencia sumaria, debemos indicar cuáles hechos esenciales y pertinentes están en controversia, e igualmente decir cuáles están incontrovertidos. Por el contrario, si encontramos que los hechos materiales, realmente están incontrovertidos, nuestra revisión se limitará a revisar *de novo* si procedía en derecho su

concesión. Es decir, si el Tribunal de Primera Instancia aplicó correctamente el derecho o no. *Íd*, págs. 118-119.

**III.**

Conforme a la Regla 52.1 de Procedimiento Civil, *supra*, este Tribunal tiene jurisdicción para atender el presente recurso por recurrirse de un dictamen interlocutorio del Tribunal de Primera Instancia. Sin embargo, evaluado el expediente ante nuestra consideración a la luz de los criterios establecidos en la Regla 40 de nuestro Reglamento, *supra*, concluimos que este recurso de *Certiorari* no amerita nuestra intervención. Veamos.

En el caso de autos, el peticionario alega que el foro primario abusó de su discreción al determinar que el Inmueble B era uno privativo, sin embargo, que había controversia sobre el dinero con el que lo adquirieron. A su vez, que incidió al determinar que las aportaciones al Seguro Social no son colacionables.

Consideramos que, en esta etapa de los procedimientos, la actuación del foro primario es razonable y toma en cuenta los mejores intereses de las partes. Mediante la *Moción en Solicitud de Sentencia Sumaria Parcial*, el peticionario argumentó que el caso de autos no plantea controversias de hechos esenciales, como el crédito que tiene al haber aportado privativamente una cantidad de dinero para adquirir el Inmueble A, y las aportaciones que la recurrida ha realizado al Seguro Social, que impidan resolver el caso mediante la vía sumaria.

Sin embargo, es importante reseñar que, en casos como el de epígrafe, para estar en posición de adjudicar

la procedencia de los créditos solicitados, de conformidad al derecho aplicable, es necesario finiquitar la formación del inventario. Ello supone asuntos complejos de naturaleza técnica y especializada, por lo cual, en este momento, el mecanismo de disposición sumaria no resulta apropiado para la adjudicación del derecho aplicable.

En consecuencia, brindamos deferencia al ejercicio llevado a cabo por el foro primario. Por tanto, no habiendo el peticionario demostrado que el foro primario haya incurrido en abuso de discreción o errado en la aplicación de una norma jurídica, procede denegar la expedición del auto de *certiorari*.

## IV.

Por los fundamentos antes expuestos, **DENEGAMOS** expedir el auto de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones